UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN NEWKIRK, | ) |
| Movant, | ) |
| v. | ) 4:23-CV-1069 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion to vacate appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

### Background

On January 16, 2020, movant pled guilty to possession with intent to distribute methamphetamine and felon in possession of a firearm in violation of 21 U.S.C. § 841(b) and 18 U.S.C. § 922(g)(1). *See United States v. Newkirk*, Case No. 4:18-CR-1008 HEA (E.D. Mo.). On June 24, 2020, the Court sentenced movant to 96 months of imprisonment, followed by four years of supervised release. *Id.* Movant did not appeal his conviction and sentence to the Eighth Circuit Court of Appeals.

### Movant's Motion to Vacate

On August 16, 2023, movant placed a document in the prison mailing system at the Federal Correctional Institution in Forrest City, Arkansas, titled, "Motion to Vacate, Set Aside, Or Correct a Sentence Pursuant to 28 U.S.C. § 2255." Although the motion to vacate is not on a court-provided form, the Court will construe it as properly brought under § 2255.

Movant asserts that he is entitled to set aside his conviction because "[a]t the time of the Constitution's penning, that era of legislatures did not strip felons of the right to bear arms simply because of their status of felons." He argues that his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g) is unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022).[1]

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

[1] In *Bruen,* the Supreme Court held unconstitutional a State of New York's penal code provision making it a crime to possess a firearm outside the home without a license, when licensing required applicants to satisfy a "proper cause" for possessing a firearm by "demonstrat[ing] a special need for self-protection distinguishable from that of the general community." 142 S. Ct. at 2123. The Supreme Court determined that all lower courts had erred in applying means-end scrutiny of statutes regulating firearms, finding that statutes regulating conduct protected by the Second Amendment are presumptively unconstitutional unless the government can show that "it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. Because the State of New York only issued public-carry licenses when an applicant demonstrated a special need for self-defense, the *Bruen* Court found "the State's licensing regime violates the Constitution." *Id.* at 2122.

>Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. In this case, the instant motion was signed by and placed in the prison mail system by movant on August 16, 2023. Movant did not file an appeal from his conviction and sentence; therefore, his conviction was considered final on July 8, 2020, or fourteen (14) days after the date he was sentenced on June 24, 2020. *See* Fed. R. App. Proc. 4(b)(1). Thus, movant had until July 8, 2021, to file his motion to vacate in this Court.

Nonetheless, movant argues that his time for filing should not start until the date the Supreme Court case of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) was decided, or on June 23, 2022.[2] He asserts that pursuant to *Bruen*, at least one Circuit has found § 922(g) unconstitutional as applied to certain predicate felony convictions, and this Court should follow its lead. *See, e.g., Range v. Att'y Gen.,* 69 F.4th 96 (3d. Cir. 2023) (finding § 922(g)(1) unconstitutional as applied to a defendant previously convicted of making a false statement on his

---

[2]Even if the Court were to entertain movant's argument, his motion to vacate would still be untimely. Movant's motion would have been due to the Court no later than June 23, 2023, or one year from the date *Bruen* was decided.

3

food stamp application)³; *but see Atkinson v. Garland*, 70 F.4th 1018, 1020 (7th Cir. 2023) (finding felon-in-possession prohibition constitutional and remanding for historical analysis required by *Bruen*).

However, following *Bruen*, the Eighth Circuit concluded that the felon-in-possession statute was constitutional, and there was "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *petition for reh'g filed*, No. 22-2870 (8th Cir. July 14, 2023); *see also United States v. Voelz*, 66 F.4th 1155, 1164 (8th Cir. 2023). The Court of Appeals found that nothing in the Supreme Court's decision recognizing an individual right to keep and bear arms "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

---

³The Fifth Circuit, in *United States v. Daniels*, No. 22-60596, 2023 WL 5091317, *15, overturned a defendant's § 922(g)(a) conviction because it failed to pass constitutional muster under the Second Amendment. The Fifth Circuit took issue with the fact that the defendant in the case, Daniels, had not been asked whether he was under the influence of marijuana when he was found driving with guns in his possession, nor had he had his blood tested to see if he was under the influence. The Fifth Circuit specifically found:

> As applied to Daniels, § 922(g)(3) is a significantly greater restriction of his rights than were any of the 19th-century laws. Although the older laws' bans on "carry" are likely analogous to § 922(g)(3)'s ban on "possess[ion]," there is a considerable difference between someone who is actively intoxicated and someone who is an "unlawful user" under § 922(g)(3). The statutory term "unlawful user" captures regular users of marihuana, but its temporal nexus is vague—it does not specify how recently an individual must "use" drugs to qualify for the prohibition. Daniels himself admitted to smoking marihuana fourteen days a month, but we do not know how much he used at those times, and the government presented no evidence that Daniels was intoxicated at the time he was found with a gun. Indeed, under the government's reasoning, Congress could ban gun possession by anyone who has multiple alcoholic drinks a week from possessing guns based on the postbellum intoxicated carry laws. The analogical reasoning *Bruen* prescribed cannot stretch that far.

*United States v. Daniels*, 2023 WL 5091317, *8.

For these reasons, movant will be required to show cause why this action should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 28th day of August, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE