**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JUSTIN NEWKIRK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | 4:23-CV-1069 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of the file following the Court's Order to Show Cause dated August 28, 2023. [ECF No. 2]. In its Order, the Court ordered movant to show cause as to why the Court should not dismiss his motion to vacate, set aside, or correct sentence as time barred. *Id*. Movant has not filed a response, and the time for doing so has passed. For the following reasons the Court concludes the instant action is time barred under 28 U.S.C. § 2255.

### Background

On January 16, 2020, movant pled guilty to possession with intent to distribute methamphetamine and felon in possession of a firearm in violation of 21 U.S.C. § 841(b) and 18 U.S.C. § 922(g)(1). *See United States v. Newkirk*, Case No. 4:18-CR-1008 HEA (E.D. Mo.). On June 24, 2020, the Court sentenced movant to 96 months of imprisonment, followed by four years of supervised release. *Id.* Movant did not appeal his conviction and sentence to the Eighth Circuit Court of Appeals.

Movant's criminal judgment became final for purposes of calculating the time for filing a motion under § 2255 when the time for filing a direct appeal expired, or July 8, 2020. *See* 28

U.S.C. § 2255(f)(1). Movant filed his federal writ of habeas corpus by placing the current motion in the mail on August 16, 2023.

## Discussion

Pursuant to 28 U.S.C. § 2255(f), a movant has one year from the date his judgment of conviction becomes final to file a motion for writ of habeas corpus. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on June 24, 2020. *See* Fed. R. App. Proc. 4(b)(1). Thus, the one-year period of limitations expired on July 8, 2020. Movant did not file his § 2255 motion until August 16, 2021. *See* ECF No. 1.

Consequently, the Court ordered movant to show cause, within twenty-one (21) days, as to why the motion should not be summarily dismissed. [ECF No. 2]. Movant's response was due on September 18, 2023. To date, he has neither complied with the Court's Order, nor sought additional time to do so. The Court cautioned him that his case would be dismissed if he failed to timely comply. Because movant has failed to respond to the Court's Order to Show Cause, he has failed to provide any support as to why his untimeliness should be excused.

Within his § 2255 motion, movant argues that his time for filing should not start until the date the Supreme Court case of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) was decided, on June 23, 2022.[1] He asserts that pursuant to *Bruen*, at least one Circuit

---

[1] Even if the Court were to entertain movant's argument, his motion to vacate would still be untimely. Movant's motion would have been due to the Court no later than June 23, 2023, or one year from the date *Bruen* was decided.

2

has found § 922(g) unconstitutional as applied to certain predicate felony convictions, and this Court should follow its lead. *See, e.g., Range v. Att'y Gen.,* 69 F.4th 96 (3d. Cir. 2023) (finding § 922(g)(1) unconstitutional as applied to a defendant previously convicted of making a false statement on his food stamp application)[2]; *but see Atkinson v. Garland*, 70 F.4th 1018, 1020 (7th Cir. 2023) (finding felon-in-possession prohibition constitutional and remanding for historical analysis required by *Bruen*).

However, following *Bruen*, the Eighth Circuit concluded that the felon-in-possession statute was constitutional, and there was "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *petition for reh'g filed*, No. 22-2870 (8th Cir. July 14, 2023); *see also United States v. Voelz*, 66 F.4th 1155, 1164 (8th Cir. 2023). The Court of Appeals found that nothing in the Supreme Court's

---

[2] The Fifth Circuit, in *United States v. Daniels*, No. 22-60596, 2023 WL 5091317, *15, overturned a defendant's § 922(g)(a) conviction because it failed to pass constitutional muster under the Second Amendment. The Fifth Circuit took issue with the fact that the defendant in the case, Daniels, had not been asked whether he was under the influence of marijuana when he was found driving with guns in his possession, nor had he had his blood tested to see if he was under the influence. The Fifth Circuit specifically found:

> As applied to Daniels, § 922(g)(3) is a significantly greater restriction of his rights than were any of the 19th-century laws. Although the older laws' bans on "carry" are likely analogous to § 922(g)(3)'s ban on "possess[ion]," there is a considerable difference between someone who is actively intoxicated and someone who is an "unlawful user" under § 922(g)(3). The statutory term "unlawful user" captures regular users of marihuana, but its temporal nexus is vague—it does not specify how recently an individual must "use" drugs to qualify for the prohibition. Daniels himself admitted to smoking marihuana fourteen days a month, but we do not know how much he used at those times, and the government presented no evidence that Daniels was intoxicated at the time he was found with a gun. Indeed, under the government's reasoning, Congress could ban gun possession by anyone who has multiple alcoholic drinks a week from possessing guns based on the postbellum intoxicated carry laws. The analogical reasoning *Bruen* prescribed cannot stretch that far.

*United States v. Daniels*, 2023 WL 5091317, *8.

decision recognizing an individual right to keep and bear arms "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Thus, not only is movant's brief untimely under *Bruen*, but the Eighth Circuit has indicated that following *Bruen*, the felon-in-possession statute is constitutional and should be upheld.

For the above stated reasons, this Court must dismiss movant's § 2255 motion for both untimeliness and failure to respond to this Court's Order to Show Cause. Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED AND DISMISSED** as time barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4